IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAMENDRA SHARMA and DEVENDRA SHARMA,<br><br>                    Petitioners,<br><br>     v.<br><br>UNITED STATES OF AMERICA,<br><br>                    Respondent. | Civil Action No. |

## VERIFIED PETITION TO QUASH
## INTERNAL REVENUE SERVICE SUMMONS

Petitioners, Ramendra Sharma and Devendra Sharma, submit this Petition, pursuant to 26 U.S.C. § 7609(b)(2), to quash an Internal Revenue Service third-party Summons issued to Bank of New York Mellon Corporation ("BNY Mellon"). A true and correct copy of the Summons is attached as Exhibit A.

## PARTIES

1. Petitioner Ramendra Sharma is a citizen of the Republic of India who resides at 682, Sector 15, Part-II, in the city of Gurgaon in the Indian state of Haryana.

2. Petitioner Devendra Sharma is a U.S. citizen who resides 111 West 67th Street, Apartment 40-A, New York, New York, 10023.

3. Respondent is the United States of America, acting by and through the Internal Revenue Service. The IRS is an agency of the Department of the Treasury with offices throughout the country and in this District.

4. Non-party BNY Mellon is the entity to which the Summons is directed. BNY Mellon can be found in this District at 385 Rifle Camp Road, Third Floor, Woodland Park, New Jersey 07424, which is the address for BNY Mellon listed in the Summons.

5. Counsel for Petitioner are Karl Geercken and George B. Abney (to seek *pro hac vice* admission), with the Alston & Bird law firm. Mr. Geercken's address is 90 Park Avenue, 15th Floor, New York, New York, 10016-1387. Mr. Abney's address is 1201 West Peachtree Street, Suite 4900, Atlanta, Georgia, 30309-3424.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this action pursuant to 26 U.S.C. § 7609(b)(2)(A), 26 U.S.C. § 7609(h), 28 U.S.C. § 1331, and 28 U.S.C. § 1340.

7. Venue is proper in this District, pursuant to 26 U.S.C. § 7609(h)(1), because BNY Mellon, the entity to which the Summons is directed, is located or can be found in this District.

8. The IRS agent who issued the Summons is Cherisse K. Lee, Tax Law Specialist. Issuance of the Summons was approved by Kalpesh D. Gandhi, Supervisory Tax Analyst. The Summons states that it was issued on February 2,

2021. The Summons states that is returnable on March 4, 2021, before Cherisse K. Lee, at an IRS office located at 24000 Avila Road, MS 1111, Laguna Niguel, California 92677.

9. Contemporaneously with this filing, pursuant to 26 U.S.C. § 7609(b)(2)(B), Petitioners are mailing a copy of this Verified Petition, with exhibits, to IRS Tax Analyst Cherisse K. Lee, and BNY Mellon, by certified mail. Pursuant to Fed. R. Civ. P. 4(i), Petitioners will also be serving the United States by certified mail to the Attorney General, Assistant Attorney General for Administration, and the Civil-Process Clerk for the U.S. Attorney's Office for the District of New Jersey.

## RELEVANT FACTS

### a. *The IRS Voluntarily Dismisses its First Summons*

8. On or about October 9, 2020, Petitioner Devendra Sharma received a copy of an IRS Summons delivered to him by U.S. Mail ("First IRS Summons").

9. The First IRS Summons stated that it was issued, "In the matter of the India Income Tax Liabilities of Devendra Sharma."

10. The Summons required BNY Mellon to produce documents pertaining to all accounts owned, controlled, or under the signature authority of Petitioner, from 2010 through 2018, including:

    a.    Account opening documents (regardless of date);

    b.    Account signature cards (regardless of date);

      c.      Know-Your-Customer and Customer Due Diligence records, as required to be collected and maintained under the law (regardless of date); and,

      d.      Monthly account statements.

11. On October 26, Petitioner Devendra Sharma filed a petition to quash the First IRS Summons. *See Sharma v. U.S.*, Civ. Case No. 2:20-CV-15004 (D. N.J.), Doc. 1.

12. On November 25, 2020, the IRS notified BNY Mellon in writing that it was withdrawing its First IRS Summons. *See* Exhibit B (letter from IRS to BNY Mellon).

13. On February 1, 2021, Petitioner Devendra Sharma filed a motion to dismiss his petition to quash the First IRS Summons, which was granted on February 2, 2021. *See Sharma v. U.S*, Civ. Case No. 2:20-cv-15004 (D. NJ), Doc. 4.

    b. **The IRS Issues its Second Summons**

14. On or about February 2, 2021, the IRS issued a second summons to BNY Mellon ("Second IRS Summons). *See* Exhibit A.

15. On or about February 4, 2021, Petitioner Devendra Sharma received a copy of the Second IRS Summons delivered to him by U.S. Mail.

16. The Second IRS Summons states that it is issued, "In the matter of the India Income Tax Liabilities of **Ramendra Sharma**." *See* Exhibit A, pp. 1 & 2.

17. The Second IRS Summons requires BNY Mellon to produce "monthly account statements" for BNY Mellon "account ABA-006753, which is believed to be held by [Petitioner] Devendra Sharma, for the period from April 1, 2010 through March 31, 2018." *See* Exhibit A, p. 2.

   c. **_Additional Facts_**

8. Petitioner Devendra Sharma is a U.S. Citizen but retains close family ties to the Republic of India where he was born.

9. Petitioner Ramendra Sharma is Petitioner Devendra Sharma's brother.

10. Ramendra Sharma is 93 years old.

11. Prior to his retirement, Ramendra Sharma was a career officer in the Indian Navy.

12. To the best of his knowledge, prior to learning of the Second IRS Summons, Ramendra Sharma received no notice from the IRS that it intended to contact BNY Mellon or any other third parties regarding his U.S. or Indian tax liabilities.

13. The Indian Revenue Service has been conducting an audit of Ramendra Sharma since in or about December 2017.

14. Ramendra Sharma and his representatives have fully cooperated with the Indian Revenue Service throughout the course of its audit.

15. Ramendra Sharma and/or his representatives have meet with the Indian Revenue Service on 15-20 separate occasions and participated in numerous telephone conferences related to the audit. Ramendra Sharma and/or his representatives have also promptly provided hundreds of documents to the Indian Revenue Service, including documents regarding specific real property transactions in India.

16. On at least one occasion during the course of its audit of Ramendra Sharma, the Indian Revenue Service requested that Ramendra Sharma and his representatives provide information regarding Petitioner Devendra Sharma.

17. Petitioner Devendra Sharma promptly, and voluntarily, provided the requested information to Ramendra Sharma who, in turn, provided the information to the Indian Revenue Service.

18. To the best of Petitioners' knowledge, the Indian Revenue Service has examined certain real property transactions involving Ramendra Sharma, including the following:

    a. residential property located in Delhi, acquired by Ramendra Sharma in or about August of 1981;

    b. residential property located in Secunderabad, acquired by Ramendra Sharma in or about August of 1983; and,

  c. residential property located in Mumbai, acquired by Ramendra Sharma in or about April of 1998;

  d. approximately 9.5 acres of undeveloped farmland located on the outskirts of the State of Delhi, acquired between in or about 2011-2013 by a business entity in which Ramendra Sharma has an interest.

19. Ramendra Sharma and his representatives provided substantial information to the Indian Revenue Service regarding the above listed property transactions.

20. On a date prior to October 6, 2020, the Indian Revenue Service submitted an Exchange of Information Request ("EOI Request") to the IRS pursuant to the 1991 Tax Convention between the United States and the Republic of India ("Tax Treaty").[1]  A true and correct copy of the Tax Treaty is attached as Exhibit C.

21. Based upon information provided by IRS Tax Analyst Cherisse K. Lee, both the First IRS Summons and the Second IRS Summons were issued by the IRS pursuant to the same EOI Request from the Indian Revenue Service.

---

[1] The full title of the Tax Treaty is, "THE CONVENTION BETWEEN THE GOVERNMENT OF THE UNITED STATES OF AMERICA AND THE GOVERNMENT OF THE REPUBLIC OF INDIA FOR THE AVOIDANCE OF DOUBLE TAXATION AND THE PREVENTION OF FISCAL EVASION WITH RESPECT TO TAXES ON INCOME."

22. The Internal Revenue Service has denied Petitioners' request for a copy of the EOI request submitted by the Indian Revenue Service.

23. Based upon information provided by IRS Tax Analyst Cherisse K. Lee, in its EOI Request the Indian Revenue Service states that Ramendra Sharma has not provided information requested during the course of their audit.

24. Based upon information provided by IRS Tax Analyst Cherisse K. Lee, in its EOI Request the Indian Revenue Service states that the statute of limitations for its audit of Ramendra Sharma expired on December 31, 2019, but that the information sought "will be useful beyond that date."

25. Based upon information provided by IRS Tax Analyst Cherisse K. Lee, in its EOI request the Indian Revenue Service states that it is seeking information regarding the acquisition of property in India, including property described as follows:

    a. residential property located in Deli;

    b. residential property located in Secunderabad;

    c. residential property located in Mumbai; and,

    d. a "big chunk" of land located in the "heartland" of Deli.

26. Upon information and belief, these four properties listed in the EOI Request are the same four properties the Indian Revenue Service inquired about

during the audit of Ramendra Sharma and about which Ramendra Sharma and his representatives provided substantial information.

27. Petitioners now submit this Petition to Quash the Second IRS Summons for the reasons and on the grounds set forth below.

## ARGUMENT

a. *IRS Summons Authority and Requirements*

28. Section 7602 of the Internal Revenue Code grants the IRS authority to issue summonses to examine any books, papers, records, or other data which may be relevant or material to:

> ascertaining the correctness of any return, making a return where none has been made, determining the liability of a person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting and such liability . . . .

*See* 26 U.S.C. § 7602(a)(1)

29. While courts have interpreted the authority conferred by Section 7602 broadly, the IRS's power is not limitless. *See, e.g.*, *United States v. Bisceglia*, 420 U.S. 141, 146 (1975) ("the Government may not exercise its investigative and inquisitorial power without limit—the examination is 'unreasonable' and impermissible if it is overbroad"); *United States v. Coopers & Lybrand*, 550 F.2d 615, 620 (10th Cir. 1977) ("Once a summons is challenged it must be scrutinized by a court to determine whether it seeks information relevant to a legitimate investigative purpose and is not meant 'to harass the taxpayer or to put pressure on

9

him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation'") (citation omitted).

30. Furthermore, courts proceed more cautiously when the IRS summons is directed at a third party who is not the target of an investigation, *see United States v. Harrington*, 388 F.2d 520, 523 (2d Cir. 1968), and a summons will face more exacting scrutiny where it seeks records from a third party who is an individual rather than a corporate entity. *See In re McVane*, 44 F.3d 1127, 1138 (2d Cir. 1995). "'With regard to subpoenas seeking such material, . . . 'an administrative agency is not automatically entitled to obtain all material that may in some way be relevant to a proper investigation. Rather . . . the agency must make some showing of need for the material sought beyond its mere relevance to a proper investigation.'" *Id*. (*citing Federal Election Comm'n v. Larouche Campaign*, 817 F.2d 233, 234-35 (2d Cir. 1987)).

31. In *United States v. Powell*, 379 U.S. 48 (1964), the Supreme Court established the "*Powell* factors"—four prerequisites that the IRS must meet to make out a *prima facie* case that a Section 7602 summons is valid. The four *Powell* factors are: (1) the investigation must be conducted for a legitimate purpose; (2) the summons must be relevant to that purpose; (3) the IRS must not already have the information sought; and, (4) the IRS must have followed all applicable administrative steps. *See id.*, at 57-58.

32. Based on information known at this time, the IRS cannot satisfy the *Powell* factors.

33. Petitioners have standing to challenge this failure. Where, as here, the IRS issues a Section 7602 summons to a third-party, the person identified in the summons has the right to initiate a proceeding to quash the summons. *See* 26 U.S.C. § 7609(b)(2)(A). As BNY Mellon is a third-party, and Petitioners are persons identified in the Summons and have standing to challenge the Summons.[2]

### b. The Summons Should be Quashed Because the IRS Failed to Provide Advance Notice of Third-Party Contacts.

34. The fourth *Powell* factor, which requires the IRS to comply with administrative requirements, is addressed first because the IRS's failure to adhere to its administrative requirements taints the entire Summons and requires it to be quashed in full.

35. Among the administrative steps the IRS must comply with is the requirement to provide the target of an investigation with notice. Notice in advance

---

[2] The fact that the IRS acted here pursuant to a request from India under the Tax Treaty does not modify the IRS's burden to meet the *Powell* factors nor Petitioners' standing to challenge the Summons. Under the Tax Treaty, the IRS may only exercise its authority under Section 7602 to obtain information requested by Indian tax authorities in the same manner as it would to investigate domestic tax liabilities. *See* Tax Treaty, Exhibit C, at Article 28(3)(b) ("In no case shall [the Treaty] be construed so as to impose on a Contracting State the obligation: . . . to supply information which is not obtainable under the laws or in the normal course of the administration of that or of the other Contracting State.").

11

is an explicit requirement imposed by Section 7602(c) which provides in pertinent part:

> An officer or employee of the Internal Revenue Service may not contact any person other than the taxpayer with respect to the determination or collection of the tax liability of such taxpayer unless such contact occurs during a period (not greater than 1 year) which is specified in a notice . . . which informs the taxpayer that contacts with persons other than the taxpayer are intended to be made during such period . . . and is provided to the taxpayer not later than 45 days before the beginning of such period.

*See* 26 U.S.C. § 7602(c)(1)(A) & (B).

36. This requirement is grounded in common sense. It gives the taxpayer an opportunity to work with the IRS to provide the requested information before the IRS contacts third-parties, which could potentially waste the IRS's time, embarrass the taxpayer and harm its reputation, or otherwise lead to negative results that could have been avoided. *See Gangi v. United States*, Civil Action No. 10-24, 2011 U.S. Dist. LEXIS 156213, *25 (D.N.J. Jan. 7, 2011). The legislative history to Section 7602(c) gives no indication that advance notice to the taxpayer is optional, but rather states that advance notice is necessary because of the potential "chilling effect on the taxpayer's business and . . .damage [to] the taxpayer's reputation in the community" in the absence of advance notice. *See* Senate Rep. No. 105-174, 105th Cong., 2nd Sess. 77 (1998). The Senate Finance Committee explained that it believed "that taxpayers should have the opportunity to resolve issues and volunteer information *before* the IRS contacts third parties." *Id*. (emphasis added). The IRS

12

showed no regard for this concern when it issued the Summons to BNY Mellon without any prior notice to Petitioners.

37. The failure to provide a taxpayer with advance notice of a third-party summons constitutes grounds to quash the Summons. *See Gangi*, 2011 U.S. Dist. LEXIS 156213 at *25. Further, it precludes any argument that the IRS's non-compliance should be excused because it acted in good faith. *See U.S. v. Jillson*, 1999 U.S. Dist. LEXIS 17921, *6-7 (S.D. Fla. 1999) ("By failing to provide a notice of contact letter prior to serving the summonses, [taxpayer] was denied the opportunity to resolve issues and volunteer information prior to contact, and as such was not only harmed, but was harmed in the very way Section 7602(c) was enacted to remedy. As such, despite the good faith on the part of the IRS, we must quash the summonses.").

38. The IRS did not provide any advance notice to Petitioners, as required by Section 7602(c), before contacting BNY Mellon. Petitioner Devendra Sharma first learned of the Second IRS Summons after it was issued and a copy was mailed to him on or about February 4, 2021. Petitioner Remendra Sharma first learned about the Second IRS Summons from his brother, Petitioner Devendra Sharma. Because the IRS cannot satisfy the fourth *Powell* factor, the Summons should be quashed.

### c. *The Summons Should be Quashed Because the IRS Investigation is not Conducted for a Legitimate Purpose.*

39. The first *Powell* factor requires that the investigation must be conducted for a legitimate purpose. *See Powell*, 379 U.S. at 57-58. The Summons states it is being issued in the matter of "The India Income Tax Liabilities of Ramendra Sharma." *See* Exhibit A, pp. 1 & 2. Of course, the determination of civil income tax liabilities is a legitimate purpose for issuing an IRS summons. However, according to information provided by IRS Tax Analyst Cherisse K. Lee, the EOI Request submitted by the Indian Revenue Service states that the statute of limitations for examining Mr. Ramendra Sharma's tax returns has expired. *See* ¶ 24, *supra*. Also, according to Tax Analyst Lee, the EOI request states that the information sought "will be useful beyond that date." *See* ¶ 24, *supra*. A vague allegation of usefulness, where the statute of limitations for conducting an audit has expired, does not establish that the investigation is being conducted for a legitimate purpose. Because the time for examining Petitioner Ramendra Sharma's tax liabilities has expired, and because the EOI Requests only makes only a vague allegation that the requested information will be useful, the Second IRS Summons could not have been issued for a legitimate purpose. *See, e.g., United States v. Wyatt*, 637 F.2d 293, 302 (5th Cir. 1981) (an IRS summons is overbroad if it "is disproportionate to the end sought," or is "of such a sweeping nature and so unrelated to the matter properly under inquiry as to exceed the investigatory power."); *United States v. Richards*, 631

F.2d 341, 345 (4th Cir. 1980) ("[A] 'fishing expedition' through a taxpayer's records exceeds the relevant scope of the summons power.").

 d. <u>**The IRS Summons Should be Quashed Because the Evidence Sought is Not Relevant to a Legitimate Investigation.**</u>

  40. Relevance under the second Powell factor connotes more than mere convenience for the government and does not extend to all materials that might lead to a more comprehensive understanding of the taxpayer. *See United States v. Coopers & Lybrand*, 550 F.2d 615, 621 (10th Cir. 1977) (*citing United States v. Matras*, 487 F.2d 1271 (8th Cir. 1973)). Rather, relevance is determined by whether the information might potentially shed light upon the tax liability of the taxpayer under examination. *United States v. Monumental Life Ins. Co.*, 440 F.3d 729, 735-36 (6th Cir. 2006); *United States v. Rockwell Int'l*, 897 F.2d 1255, 1263 (3d Cir. 1990). Under this standard, barring "irrelevant or sweeping orders is particularly appropriate" when, as here, "the demand for records is directed not to the taxpayer but to a third-party." *Monumental Life Ins. Co.*, 440 F.3d at 735¬36 (6th Cir. 2006) (*citing United States v. Theodore*, 479 F.2d 749, 754 (4th Cir. 1973) (internal quotations omitted)).

  41. As noted previously, the statute of limitations for auditing Petitioner Ramendra Sharma's Indian income tax liabilities has expired. Therefore, the stated purpose of the Summons is a misrepresentation and the Summons is not legitimate.

The evidence sought by the Summons, therefore, cannot be relevant to a legitimate purpose.

42. Furthermore, to the extent the Summons seeks information related to the four properties in India, substantial information regarding those properties has already been provided to the Indian Revenue Service by Ramendra Sharma and his representatives. *See* ¶¶ 18 & 19.

43. Lastly, the breadth of information sought – BNY Mellon account statements from 2010 through 2017 – confirms that the Summons constitutes an improper fishing expedition. The requested bank account records of Petitioner Devendra Sharma certainly depict tens of thousands of transactions, the overwhelming majority of which could not possibly be related to Petitioner Ramendra Sharma's tax liabilities or to the property transactions that appear to be the focus of the investigation by the Indian Revenue Service. Three of those property transactions took place in 1981, 1983, and 1998, decades before the years for which BNY Mellon account statement are sought, 2010-2017. *See United States v. Theodore*, 479 F.2d 749, 754 (4th Cir. 1973) ("A summons will be deemed unreasonable and unenforceable if it is overbroad and disproportionate to the end sought."); *United States v. Harrington*, 388 F.2d 520, 523 (2d Cir. 1968) ("[T]he Government may not exercise its investigative and inquisitorial power without limit – the examination is unreasonable and impermissible if it is overbroad, out of

proportion to the end sought, or if it is so unrelated to the matter properly under inquiry as to exceed the investigatory power.").

## RELIEF REQUESTED

**WHEREFORE**, Petitioners Ramendra Sharma and Devendra Sharma respectfully requests that the Court:

(i) provide Petitioners' with limited discovery and an evidentiary hearing to establish that the Second IRS Summons fails to meet the requirements of *United States v. Powell* and was otherwise issues for an improper purpose;

(ii) quash the Second IRS Summons; and,

(iii) grant such other, further, and different relief as this Court deems to be just and proper.

Dated this 22th day of February 2021.

ALSTON & BIRD LLP

_____
Karl Geercken
ALSTON & BIRD LLP
90 Park Ave
New York, NY 10016
(212) 210-9471 (telephone)
(212) 922-3931  (facsimile)
E-mail:  Karl.Geercken@alston.com


George B. Abney (to seek admission *pro hac vice*)
ALSTON & BIRD LLP

17

            One Atlantic Center
            1201 West Peachtree Street
            Atlanta, Georgia 30309-3424
            (404) 881-7000 (telephone)
            (404) 881-4777 (facsimile)
            E-mail:  George.Abney@alston.com

## VERIFICATION OF DEVENDRA SHARMA

Although I do not have first-hand knowledge of all the facts set forth in the Petition, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on February 19, 2021,

_____
Devendra Sharma